# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TANYA HUNTER, <br> CHARLES HUNTER, AND KRISTEN <br> HUNTER as beneficiaries of CHARLES <br> HUNTER life insurance policy #7010160, <br><br> Plaintiffs, <br><br> v. <br><br> C.M. LIFE INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 15 C 10506 |

## MEMORANDUM ORDER

On December 8 this Court issued a brief memorandum order ("Order") that pointed out to counsel for defendant C.M. Life Insurance Company ("C.M. Life") their fundamental error in seeking to establish diversity of citizenship as the predicate for removal of this action from its place of origin in the Circuit Court of Cook County to this District Court. Despite the often-repeated mandate from our Court of Appeals that "[w]hen the parties allege residence but not citizenship, the district court must dismiss the suit," the Order cut defense counsel a break by deferring any action of that nature until December 29 to allow counsel to correct their Notice of Removal ¶3 in that respect.

Quite astonishingly, C.M. Life's counsel have filed a document that, although they label it as an "Amended Notice of Removal Based upon Diversity Jurisdiction," simply flies in the face of the Court of Appeals' earlier-quoted directive. Just like the original Notice of Removal,

it speaks only of the "residence" of the individuals involved and then asserts in Amended Notice ¶9:

> Accordingly, Plaintiffs are citizens of the State of Illinois or North Carolina for purposes of §1332(a)(1).

Because counsel have really paid no heed (1) to the earlier-quoted teaching from our Court of Appeals and (2) to this Court's effort to assist counsel by pointing out the original error and giving them ample time to cure the defect, this action must be and is remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c) ("Section 1447(c)") because of the failure of the removing party to establish federal subject matter jurisdiction (after all, we are taught beginning in law school that a person's state of citizenship -- that is, domicile -- does not always equate to that person's state of residence). In further compliance with Section 1447(c), the Clerk of Court is ordered to mail a certified copy of the remand order to the Clerk of the Circuit Court -- and to do so forthwith so that the parties can recommence this litigation in that court of competent jurisdiction.

_____
Milton I. Shadur
Date: January 8, 2016                    Senior United States District Judge